■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH P. HAVELKA, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered October 30, 1974, convicting him of the crimes of possession of a weapon, etc., as a felony and possession of a weapon, etc., as a misdemeanor. The appeal brings up for review a determination of the same court, dated September 10, 1974, which denied defendant's motion to suppress evidence. By a prior order of this court the case was remanded to the County Court for a further hearing to afford the People an opportunity to produce the complainant "and any other proof they may have to establish *probable cause" (People v Havelka,* 50 AD2d 904, 905; emphasis supplied). Such hearing was held on April 15, 1976, as a result of which the County Court concluded that "reasonable suspicion", sufficient to justify the initial frisk of the defendant, did exist, and hence the County Court adhered to its original determination denying defendant's suppression motion. Judgment affirmed. We agree that the County Court

applied the proper standard with respect to the initial frisk of the defendant. The limited search of the defendant was justified by the reasonable suspicion of the investigating police officers that defendant and his fellow "club" members were armed (see *People v La Pene,* 40 NY2d 210; *People v Wynn,* 54 AD2d 366; see, also, CPL 140.50; *Terry v Ohio,* 392 US 1). This initial frisk revealed that defendant was carrying a revolver. At that point, the police had probable cause to conduct a more intensive search of defendant's person, which search revealed the existence of a blackjack in the defendant's boot. This court's remand for a hearing on the question of "probable cause" was concerned primarily with defendant's motion to suppress the blackjack found in his boot. "Reasonable suspicion" alone would not justify a search of that magnitude. Defendant errs, however, in interpreting this court's prior order to mean that the initial frisk of his person could not be justified upon a showing of "reasonable suspicion". Martuscello, Acting P. J., Latham, Margett and Shapiro, JJ., concur.